IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

ARMANDO RODRIGUEZ-RODRIGUEZ
Defendant

CRIMINAL 10-0066CCC

**ORDER**

Before the Court are the Objections to Pre-Sentence Report (PSR) filed by defendant Armando Rodríguez-Rodríguez on October 4, 2011 (docket entry 72). Defendant's sole objection is to the application in the PSR of a four-level enhancement under U.S.S.G. § 2G2.1(b)(4) for sadistic or violent conduct, as to each of the five counts involving the production of child pornography, i.e. Counts One, Two, Three, Five and Six. The argument asserted in support of the objection is that "[t]he Defense viewed all the video's (*sic*) provided by the Government as evidence in the present case" but "disagree[s] with the [U.S. Probation Officer's] characterization of the events therein portrayed, and that these events justify the four level enhancement under U.S.S.G. § 2G2.1(b)(4) as to all counts alleging violation of 18 U.S.C. Sec. 2251(a)." Objections (docket entry 72), at p. 5. Given the nature of the objections, the Court required the U.S. Probation Officer to identify the particular videos which she deemed satisfied the elements of § 2G2.1(b)(4) so that the United States could produce them for an in-camera viewing (docket entry 73). The U.S. Probation Officer identified the following videos as meriting the § 2G2.1(b)(4) adjustment: for Count One, involving minor J.F.H., video 101_0528.mov; for Count Two, involving minor J.A.C., videos 100_1303.mov, 101_0833.mov, 789.wmv and AVSEO1.mpg; for Count Three involving minor A.R.M., video 101_1611.mpg; for Count Five, involving minor A.R.O., video 100_2854.mpg; and for Count Six, involving minor H.M.O. video 101_0527.mov. See Motion in Compliance with Court's Order filed on October 14,

2011 (docket entry 75). The United States, in turn, through I.C.E. agents Javier Delgado and Carlos Adorno, produced them to the Court on October 14 and 21, 2011, when their viewing took place.

The Court viewed seven out of the eight videos submitted, as video AVSEO1.mpg never opened with the viewer provided. In conducting the viewing, the Court was guided by the well established criteria developed by the case law on whether child pornography images portray "sadistic or masochistic conduct or other depictions of violence" warranting the four-level upward adjustment under U.S.S.G. § 2G2.1(b)(4). In this regard, the First, Second, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have found that images involving penetrative sex between a child and an adult male are per se sadistic. See e.g., United States v. Hoey, 508 F.3d 687, 691 (1st Cir. 2007) ("We agree with the many circuits which have found that images depicting the sexual penetration of young and prepubescent children by adult males represent conduct sufficiently likely to involve pain such as to support a finding that it is inherently 'sadistic' or similarly 'violent' . . . ."); United States v. Delmarle, 99 F.3d 80, 83 (2d Cir. 1996) ("[S]ubjection of a young child to a sexual act that would have to be painful is excessively cruel and hence is sadistic . . . ."); United States v. Lyckman, 235 F.3d 234, 240 (5th Cir. 2000) ("We are comfortable in following the lead of the Second, Seventh, and Eleventh Circuits by holding that the application of § 2G2.2(b)(3) is warranted when the sexual act depicted is the physical penetration of a young child by an adult male."); United States v. Myers, 355 F.3d 1040, 1043 (7th Cir. 2004) (finding vaginal intercourse between a prepubescent girl and an adult male sadistic); United States v. Belflower, 390 F.3d 560, 562 (8th Cir. 2004) ("[I]mages involving the sexual penetration of a minor girl by an adult male and images of an adult male performing anal sex on a minor girl or boy are per se sadistic or violent within the meaning of U.S.S.G. § 2G2.2(b)(3)."); United States v. Rearden, 349 F.3d 608, 616 (9th Cir. 2003) ("We join these circuits, and hold that the district court did not improperly apply § 2G2.2(b)(3) after finding that the images

depicted subjection of a child to a sexual act that would have to be painful, and thus sadistic."); United States v. Kimler, 335 F.3d 1132, 1143 (10th Cir. 2003) (finding no expert testimony necessary for a sentence enhancement when the images depicted penetration of prepubescent children by adults); United States v. Hall, 312 F.3d 1250, 1262-63 (11th Cir. 2002) (holding that images of an adult male vaginally or anally penetrating a young child are per se sadistic and do not require expert testimony "because such penetration would necessarily be painful").

Out of the seven videos viewed, video 101_0528.mov pertaining to Count One, videos 101_0833.mov and 789.wmv pertaining to Count Two, video 101_1611.mpg pertaining to Count Three, and video 100_2854.mpg pertaining to Count Five, involved images of young children being penetrated either vaginally (the minor girl identified in Count Three) or anally (the minor boys identified in Counts One, Two and Five) by defendant. In almost all, in addition, the Court observed that the abused minors either showed grimaces of distress or outrightly complained of pain when the penetration was being conducted. The only count for which the video submitted does not support application of the § 2G2.1(b)(4) enhancement is Count Six, as the images contained in video 101_0527.mov. do not meet the above-stated sadistic/masochistic/violent standard. Hence, the Court OVERRULES defendant's objection to the application of the enhancement as to Counts One, Two, Three and Five, and SUSTAINS it as to Count Six.

In view of our ruling, and given that defendant's offense level was determined pursuant to U.S.S.G. § 3D1.4, we pause briefly to consider whether elimination of the § 2G2.1(b)(4) enhancement only as to Count Six has any effect on defendant's combined offense level. Prior to our ruling, the adjusted offense level determined for each of the non-grouped counts was as follows: Count One-44, Count Two-42, Count Three-42, Count

CRIMINAL 10-0066CCC                        4

Five-42, and Count Six-42.  Pursuant to § 3D1.4(a),[1] each of the counts then counted as 1 unit, and the 5 units they comprised together resulted in a four-level increase to the group/count with the highest offense level; that is, four levels were added to Count One's adjusted offense level of 44 for a combined offense level of 48.  Our ruling on defendant's objection requires, however, that the adjusted offense level for Count Six be reduced four levels from 42 to 38.  Hence, again relying on § 3D1.4(a), each of Counts One, Two, Three and Five still count as 1 unit, but Count Six's slightly reduced offense level of 38 now only counts for one-half unit pursuant to § 3D1.4(b).[2]  Nonetheless, under the § 3D1.4 table those 4 ½ units still result in the addition of 4 levels to Count One's adjusted offense level of 44, leaving defendant's combined offense level unaltered at 48.  Following a three-level reduction for acceptance of responsibility under § 3E1.1(a) and (b), the total offense level stands at 45.  Accordingly, defendant's guideline sentence remains unchanged: life imprisonment.[3]

We are mindful that the parties have entered into a Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement where they have stipulated that the appropriate disposition of this case would be a sentence of 300 months.  That sentence stipulation, however, was reached under a Guidelines scenario that, for one, did not contemplate the application of the U.S.S.G. § 2G2.1(b)(4) four-level upward adjustment.  See Plea Agreement, ¶ 7, pp. 6-9. As we have determined, that adjustment was clearly applicable to most of the production of

---

[1]Section 3D1.4(a) provides: "Count as one Unit the Group with the highest offense level.  Count one additional Unit for each Group that is equally serious or from 1 to 4 levels less serious."

[2]Section 3D1.4(b) provides: "Count as one-half Unit any Group that is 5 to 8 levels less serious than the Group with the highest offense level."

[3]While it is true that the offenses of conviction have applicable statutory maximums of 30 years as to Counts One, Two, Three, Five and Six, and 10 years as to Count Four, as this is a multiple-counts case the Court could potentially implement the guideline sentence of life by relying on the imposition of consecutive sentences on the various counts.  See U.S.S.G. § 5G1.2(d) and its Application Note 1; United States v. Carter, 292 Fed. Appx. 16, 20-21 (11th Cir. 2008).  See also 18 U.S.C. § 3584(a).

CRIMINAL 10-0066CCC                  5

child pornography counts to which defendant pled guilty. The videos that we saw, in turn, portray heinous conduct on the part of defendant, which repeated itself with victim after victim, and which merits a severe punishment. Against this backdrop, we are simply not convinced that a sentence of 300 months is reasonable in light of all the applicable 18 U.S.C. § 3553(a) factors. This is not to say, on the other hand, that only the advisory guideline sentence of life imprisonment would be acceptable to the Court in a Fed. R. Crim. P. 11(c)(1)(C) bargaining setting. But given the serious nature of the offenses and the fact that defendant repeatedly violated 18 U.S.C. § 2251(a), we certainly feel that a sentence higher than 300 months is warranted in this case and, for that reason, we now REJECT the parties' Rule 11(c)(1)(C) Plea Agreement.

Accordingly, pursuant to the Plea Agreement's own terms, and the mandate of Fed. R. Crim. P. 11(c)(5), defendant is formally informed that as the Court has rejected his Plea Agreement, it is no longer required to follow its terms. For that reason, he is allowed to withdraw his plea of guilty, a decision that shall be informed to the Court by no later than DECEMBER 12, 2011. Defendant is further advised that if he opts not to withdraw his plea of guilty, the Court may dispose of the case less favorably toward him than what was contemplated in the Plea Agreement.

Finally, in order to fully comply with the requirements of Fed. R. Crim. P. 11(c)(5), defendant Armando Rodríguez-Rodríguez shall appear before U.S. Magistrate Judge Camille L. Vélez-Rivé on NOVEMBER 15, 2011 at 9:00 AM, at which time he will be read in open court the preceding two paragraphs of this Order.

SO ORDERED.

At San Juan, Puerto Rico, on November 9, 2011.

S/CARMEN CONSUELO CEREZO
United States District Judge